**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 2:18-CV-14156-ROSENBERG/MAYNARD**

STEWART FEKETA, as Personal
Representative of the Estate of
SANTIA FEKETA, deceased,

   Plaintiff,

v.

JOSEPH A. ZACHARZEWSKI, as
Personal Representative of the Estate
of WALTER RONEY, deceased;
JOSEPH A. ZACHARZEWSKI, as
Trustee of the WALTER A. RONEY
TRUST, and CAROLYN E. EVANS
BRUNS,

   Defendants.
_____/

**CASE NO. 2:18-CV-14155-ROSENBERG/MAYNARD**

YVONNE POINDEXTER, as Personal
Representative of the Estate of BRITNEY
POINDEXTER, deceased,

   Plaintiff,

v.

JOSEPH A. ZACHARZEWSKI, as
Personal Representative of the Estate
Of WALTER RONEY, deceased;
JOSEPH A. ZACHARZEWSKI, as
Trustee of the WALTER A. RONEY
TRUST, and CAROLYN E. EVANS
BRUNS,

   Defendants.
_____/

## ORDER GRANTING DEFENDANT TRUSTEE'S MOTIONS TO DISMISS

This cause is before the Court on Defendant's Joseph A. Zacharzewski, in his capacity as

trustee of the Walter A. Roney Trust (the "Trustee"), Motions to Dismiss at docket entry 38 in case 18-CV-14156 and docket entry 30 in case 18-CV-14155. The Motions raise identical legal issues, both cases were consolidated by this Court, and the Motions have been fully briefed. For the reasons set forth below, the Motions are both granted.

## I. FACTUAL ALLEGATIONS

The Plaintiffs are the personal representatives of estates of two individuals who were passengers in an automobile. DE 24 at 3. Plaintiffs allege that the decedents were killed when a recreational vehicle collided with their vehicle head-on. *Id.* That vehicle is alleged to have been driven by Mr. Walter Roney, who also died in the crash and who is also represented now by his estate. *Id.*

Plaintiffs filed separate suits in this Court, bringing claims for negligence and for joint enterprise. The cases were consolidated for the purposes of discovery. Plaintiffs' claims also include counts for negligence against *the trustee* of Mr. Roney's trust, who in turn filed the Motions presently before the Court.

## II. STANDARD OF REVIEW

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff; however, a plaintiff is still obligated to provide grounds of his or her entitlement to relief which requires more than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-563 (2007). Unwarranted deductions of fact in a complaint cannot be admitted as true for the purposes of testing the sufficiency of the allegations. *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416

F.3d 1242, 1248 (11th Cir. 2005). The facts as pled must state a claim for relief that is plausible on the face of the pleading. *Iqbal*, 556 U.S. at 678-69.

### III.   ANALYSIS

Plaintiffs have brought three counts against the Defendant Trustee. Plaintiffs' Count IV and Plaintiffs' Count V are negligence claims against the Trustee. Plaintiffs' Count VI is a joint enterprise claim against the Trustee. To be clear, these claims are not brought against the estate of Mr. Roney—these claims are against the trust itself.

The Trustee argues that these claims should be dismissed because there is no allegation in the Complaint that the *trust* was negligent or somehow responsible for Mr. Roney's driving. Upon review of the Complaint, the Court agrees—the Complaint is virtually silent as to the Trustee and the trust. In response, Plaintiffs do not cite to specific allegations that explain how the Trustee should be held liable for Mr. Roney's driving, noting only that Mr. Roney's vehicle was "funded into" the trust. But Plaintiffs have cited to no case law for the proposition that auto negligence claims may be brought against the Trustee. Similarly, Plaintiffs have not alleged that the Trustee or the trust owed any duty to them, nor can the Court discern any legal basis upon which Plaintiffs could make such an allegation. This is a case about an auto accident in Florida, and the Court can see no way (and Plaintiffs have provided none) for the Michigan Trustee or the trust to be held liable for that auto accident.[1] Plaintiffs have provided no case law wherein trusts were sued for the negligence of a driver. Plaintiffs have provided no case law showing how a trustee could owe a duty to the victims of an auto accident.

---

[1] Plaintiffs' claim for negligent entrustment requires the allegation that the Trustee supplied something (here, a vehicle) to another. *See Kitchen v. K-Mart Corp.*, 697 So. 2d 1200, 1202 (Fla. 1997). There is no allegation in the Complaint that the Trustee "supplied" Mr. Roney with a vehicle. Instead, Plaintiffs have made a contradictory allegation—that Mr. Roney was the owner of the vehicle and that Mr. Roney entrusted that vehicle to another individual Defendant in this case. DE 24 at 8.

Additionally, both Florida law and Michigan law bar claims against a trustee for the individual liability of the settlor. Pursuant to Florida law:

> After the death of a settlor, no creditor of the settlor may bring, maintain, or continue any direct action against a trust described in s. 733.707(3), the trustee of the trust, or any beneficiary of the trust that is dependent on the individual liability of the settlor. ***Such claims and causes of action against the settlor shall be presented and enforced against the settlor's estate*** as provided in part VII of chapter 733, and the personal representative of the settlor's estate may obtain payment from the trustee of a trust described in s. 733.707(3) as provided in ss. 733.607(2), 733.707(3), and 736.05053.

Fla. Stat. § 736.1014(1) (emphasis added). In response, Plaintiffs take the position that they can bring a claim against the trust under Michigan law, but the specific law that Plaintiffs cite—Section 700.7605 of the Michigan Trust Code—does not apply in this case. Specifically, Section 700.7605(1) states:

> The property of a trust over which the settlor has the right without regard to the settlor's mental capacity, at his or her death, either alone or in conjunction with another person, to revoke the trust and revest principal in himself or herself is subject to all of the following, ***but only to the extent that the settlor's property subject to probate administration is insufficient to satisfy the following expenses, claims, and allowances***:
>
> (a) The administration expenses of the settlor's estate.
> (b) An enforceable and timely presented claim of a creditor of the settlor, including a claim for the settlor's funeral and burial expenses.
> (c) Homestead, family, and exempt property allowances.

(emphasis added). Thus, on its face, the statute above only applies to: (1) administration expenses of the settlor's estate, (2) enforceable claims of a creditor, and (3) homestead, family, and exempt property allowances. *See id.* It is clear from Plaintiffs' Complaints that they are not involved in the administration of Mr. Roney's estate, such that they could receive compensation for administering the estate. Plaintiffs cannot seek any homestead, family, or exempt property

4

allowances.  Finally, Plaintiffs are not creditors of Mr. Roney.[2]  Plaintiffs have provided no case for the proposition that they may bring an auto accident claim, prior to becoming a creditor of the estate, against a Michigan trust.

In summary, Plaintiffs have not alleged any tortious conduct on behalf of the trust or the Trustee and, furthermore, both Florida and Michigan law insulate the trust and the Trustee from the claims in this case.  At best, Plaintiffs have alleged that they may, at some point in the future, become a creditor of Mr. Roney's estate.  Accordingly, Plaintiffs' claims against the trust and Trustee, Count IV, Count V, and Count VI are all dismissed.  Because Plaintiffs have had three opportunities to file complaints in this case and because further amendment on this issue would be futile, the Court's dismissal is with prejudice.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Motions to Dismiss at docket entry 38 in case 18-CV-14156 and docket entry 30 in case 18-CV-14155 are both **GRANTED**, and all claims against the Trustee (Count IV, Count V, and Count VI) are dismissed with prejudice.  The Defendant Trust is dismissed from both cases.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 1st day of August, 2018.

Copies furnished to Counsel of Record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

---

[2] Addtionally, section 700.7606(1) only applies to trusts that are revocable at death, and Plaintiffs have not pled that the trust in this case is revocable.  *In re John Markoul Living Trust*, No. 316892, 2015 WL 404668, at *3 (Mich. Ct. App. Jan. 29, 2015).