UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-14155-CIV-ROSENBERG/MAYNARD

YVONNE POINDEXTER as Personal
Representative of the Estate of BRITNEY
POINDEXTER, deceased,

       Plaintiff,

v.

JOSEPH ZACHARZEWSKI as Personal
Representative of the Estate of WALTER
RONEY, deceased; JOSEPH A.
ZACHARZEWSKI, as Trustee of the
WALTER A. RONEY TRUST, and
CAROLYN E. EVANS BRUNS,

       Defendants.

_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S CLAIMS FOR PUNITIVE DAMAGES [D.E. 46]

**THIS CAUSE** comes before the Court upon the above referenced Motion filed by Joseph Zacharzewski ("Defendant") as Personal Representative of the Estate of Walter Roney. D.E. 46. Plaintiff responded on September 27, 2018. D.E. 55. On October 4, 2018, Defendant replied. D.E. 56. Having reviewed the Motion, Response, and Reply, this Court recommends that the Motion be granted for the reasons that follow.

### BACKGROUND

At approximately 7:00 p.m. on February 6, 2018, Walter Roney was driving a 1986 Prevost Vehicle ("RV") with Carolyn Evans Bruns in St. Lucie County, Florida. D.E. 24 at ¶12. Mr. Roney was driving westbound in the eastbound lane of Route 70 without headlights when

the RV crashed into a 2013 Chevrolet Silverado driven by Santia Feketa. *Id.* Britney Poindexter was in the front passenger seat of Ms. Feketa's vehicle. *Id.* Ms. Feketa, Ms. Poindexter, and Mr. Roney died as a result of the crash. *Id.*

Plaintiff Yvonne Poindexter, as Personal Representative of the Estate of Britney Poindexter, filed her initial complaint on April 26, 2018. D.E. 1. On June 4, 2018, Defendant filed an Answer, D.E. 13, and two Motions to Dismiss for Failure to State a Claim.[1] D.E. 12, 14. Notably, Defendant did not dispute Plaintiff's entitlement to punitive damages at that time, but alleged instead that punitive damages are not an independent cause of action. D.E. 14 at 1. Plaintiff filed an Amended Complaint on June 13, 2018, D.E. 20, and a Second Amended Complaint on June 14, 2018, D.E. 24.

In her Second Amended Complaint, Plaintiff alleged negligence (Count I), negligent entrustment (Count II), and joint enterprise (Count III) against Defendant as Personal Representative of Mr. Roney's Estate. *Id.* at ¶¶21-43. Plaintiff also alleged negligence (Count IV), negligent entrustment (Count V), and joint enterprise (Count VI) against Defendant as Trustee of Mr. Roney's Estate. *Id.* at ¶¶44-76. Plaintiff lastly alleged negligence (Count VII) and joint enterprise (Count VIII) against Ms. Evans Bruns.[2] *Id.* at ¶¶77-82. Plaintiff requests damages under the Florida Wrongful Death Act on behalf of herself, Todd Poindexter as a

---

[1] In Defendant's first Motion to Dismiss, he alleged that claims against him as Trustee of Mr. Roney's estate could not be maintained where there was no factual allegation that the Trust was negligent. D.E. 12 at 6, 9. In Defendant's second Motion to Dismiss he argued that a claim for punitive damages is not an independent cause of action under Florida law. D.E. 14 at 4. Both Motions to Dismiss were denied as moot following the Court's grant of Plaintiff's Unopposed Motion to Amend/Correct the Complaint. D.E. 18, 23.

[2] Ms. Evans Bruns filed a Motion to Dismiss Counts VII and VIII for failure to state a claim because she was the passenger, not the driver, of the vehicle that killed Britney Poindexter and Santia Feketa. D.E. 28. The District Court denied the Motion with prejudice because the law allows claims against a passenger of a negligently driven vehicle where the passenger knows or has reason to know that the driver is not exercising the degree of care in the operation of the vehicle compatible with the safety of his passenger. D.E. 36.

survivor, and the Estate of Britney Poindexter. *Id.* at ¶¶21-60. She also requests punitive damages in Counts I through VI. *Id.* at ¶¶21-76.

On June 28, 2018, Defendant filed an Answer, D.E. 29, and moved to dismiss Counts IV, V, and VI brought against him as Trustee of Mr. Roney's Estate. D.E. 30. The District Court granted Defendant's Motion to Dismiss because there was no allegation that the trust was negligent or somehow responsible for Mr. Roney's driving. D.E. 38. Left standing are Counts I, II and III against Defendant as Personal Representative of the Estate and Counts VII and VIII against Ms. Evans Bruns. Counts I, II and III include a request for punitive damages.

On August 31, 2018, Plaintiff filed a Motion to Compel seeking documents relating to Mr. Roney's financial worth on the basis that financial worth evidence is relevant to Plaintiff's punitive damages request. D.E. 42. Defendant objected on the grounds that Florida law prohibits an award of punitive damages against a decedent's estate and therefore Plaintiff is not entitled to punitive damages or discovery relating thereto. D.E. 44. On September 13, 2018, Defendant filed the present Motion to Strike Plaintiff's Claims for Punitive Damages. D.E. 46. That same day, the undersigned held a telephonic hearing on Plaintiff's Motion to Compel. D.E. 47. The undersigned denied Plaintiff's Motion to Compel financial worth discovery "without prejudice with leave to re-file after an Order is issued" on Defendant's Motion to Strike. D.E. 49. On September 13, 2018, the District Court referred Defendant's Motion to Strike, D.E. 49, to the undersigned magistrate judge. D.E. 48.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED.R.CIV.P. 12(f). "[A] motion to strike is the appropriate mechanism to pursue removal of the prayer for ... damages in the Complaint." *Pucci v. Carnival Corp.*, 160 F. Supp. 3d 1329,

1331 (S.D. Fla. 2016). The decision to strike a request for damages in a pleading is committed to the district court's broad discretion. *Id.* (*citing Porcelanas Florencia, S.A. v. Caribbean Resort Suppliers, Inc.*, 2007 WL 171590, at *1 (S.D. Fla. 2007)).

Defendant asks the Court to strike Plaintiff's prayer for punitive damages because punitive damages are not recoverable against a deceased tortfeasor's estate under Florida law. The governing case on this issue is *Lohr v. Byrd*, 522 So. 2d 845 (Fla. 1988), where the Florida Supreme Court addressed facts similar to the present litigation. Robert Lohr was killed in an automobile accident that he caused while he was driving under the influence. *Id.* at 846. Plaintiff Hattie Mae Byrd was injured in the accident and sued Lohr's estate, seeking compensatory and punitive damages. *Id.* At trial, the jury returned a verdict in favor of the plaintiff granting both compensatory and punitive damages. *Id.* The appeals court certified to the Florida Supreme Court the question of whether punitive damages may be awarded against a deceased tortfeasor's estate. The Supreme Court answered in the negative, reasoning that punitive damages are awarded "*solely for punishment*," and a "decedent's innocent heirs should not be punished when the wrongdoer is unavailable because of death." *Lohr*, 522 So. 2d at 846 (emphasis in original).[3] Thus, Florida law prohibits recovery of punitive damages from the estate of a wrongdoer who is deceased.

Plaintiff responds that the Court should apply federal law instead of Florida law because the question of punitive damages is procedural, not substantive. *See* D.E. 55 at 2 (*citing Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817 (1938) (federal courts sitting in diversity must apply federal law to procedural questions and state law to substantive issues)). Plaintiff's

---

[3] Most states agree with the Florida Supreme Court's reasoning in *Lohr* and decline to impose punitive damages against a deceased tortfeasor's estate. *See Whetstone v. Binner*, 15 N.E.3d 905, 908-09 (Ohio Ct. App. 2014), *aff'd*, 57 N.E.3d 1111 (2016) (citing cases). A minority of jurisdictions (including Ohio, Illinois, Arizona, Pennsylvania, Montana, Texas, and West Virginia) hold the opposite view. *Id.*

assertion is not correct.  Courts have long held that a party's entitlement to punitive damages in a diversity case is determined by state substantive law.  *See, e.g., Jarzynka v. St. Thomas University of Law*, 310 F. Supp. 2d 1256, 1269 (S.D. Fla. 2004) (applying Florida law when determining the availability of a punitive damages award); s*ee also Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000) (using Alabama law to determine whether defendant's conduct warranted the imposition of punitive damages); *Dunn v. Koehring Co.*, 546 F. 2d 1193, 1201 (5th Cir. 1977) [4] (applying Mississippi law which allowed for an imposition of punitive damages); *Barnes v. Smith*, 305 F.2d 226, 231 (10th Cir. 1962) (looking first to New Mexico law before deciding that punitive damages were not available from the estate of a wrongdoer);  *Potter v. Dooly Cty., Georgia*, 2016 WL 4150005, at *3 (M.D. Ga. Aug. 2, 2016), *motion to certify appeal denied sub nom. Potter v. Dooly Cty.*, 2016 WL 6997067 (M.D. Ga. Nov. 29, 2016) (applying Georgia law which holds "[w]hen a tortfeasor dies, punitive damages for the tortfeasor's conduct may not be recovered from the tortfeasor's estate.").

Plaintiff relies on the case of *Citron v. Armstrong World Indus., Inc.*, 721 F. Supp. 1259, 1261 (S.D. Fla. 1989) to support her argument that entitlement to punitive damages is a procedural question governed by federal law, but *Citron* is not applicable here. The issue in *Citron* was whether Fla. Stat. § 768.72 applies in federal diversity cases.  *Id.* at 1260.  Section 768.72 requires a plaintiff to show the court a reasonable basis for punitive damages before seeking punitive damages in a lawsuit.  The *Citron* Court concluded that Fla. Stat. § 768.72 is a pleading (and therefore procedural) requirement that conflicts with the Federal Rules of Civil Procedure, which require a plaintiff to set forth a demand for punitive damages in the complaint.  *Id.* at 1261.  Applying *Erie* and its progeny, *Citron* resolved the conflict by finding Fla. Stat. §

---

[4] Cases decided by the Fifth Circuit prior to October 1, 1981 are considered binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

768.72 inapplicable in federal court. *Id.* at 1262. Unlike *Citron*, the present dispute does not involve the sufficiency of Plaintiff's pleadings or any other procedural matter. It involves the substantive issue of whether punitive damages are available where the alleged wrongdoer has died and the Defendant is the wrongdoer's estate. Courts sitting in diversity cases have repeatedly answered this question with reference to controlling state law. *See Jarzynka*, 310 F. Supp. 2d at 1269; *Toole*, 235 F.3d at 1317; *Barnes*, 305 F.2d at 231; *Potter*, 2016 WL 4150005, at *3.

*Lohr* analyzed the public policy considerations and ramifications, and concluded that punitive damages are not available against a deceased tortfeasor's estate under Florida law. *Snyder v. Bell*, 746 So. 2d 1096, 1099 (Fla. Dist. Ct. App. 1999); *see also Herendeen v. Mandelbaum*, 232 So. 3d 487, 492 (Fla. Dist. Ct. App. 2017), *review denied*, 2018 WL 3239289 (Fla. July 3, 2018) (reiterating *Lohr's* basic principle that "upon the death of the tortfeasor, taking money away from the estate's beneficiaries would serve no purpose to which punitive damages are addressed."). Despite Plaintiff's detailed arguments about why this rule should be changed, this Court is constrained by Florida law and is not at liberty to re-weigh the various considerations and reach a different conclusion. This Court is bound by and must apply the law of Florida's highest court. *Castillo v. Cessna Aircraft Co.*, 712 F. Supp. 2d 1306, 1310 (S.D. Fla. 2010) (federal district court applying Florida law "must follow the decisions of the state's highest court[.]") (*quoting Flintkote Co. v. Dravo Corp.*, 678 F.2d 942, 945 (11th Cir. 1982)). As a result, Plaintiff's prayer for punitive damages should be stricken.

## CONCLUSION

**ACCORDINGLY**, this Court recommends that the Motion to Strike Plaintiff's Claims for Punitive Damages, D.E. 46, be **GRANTED**.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Robin L. Rosenberg, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 5th day of November, 2018.


SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE