UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:18-CV-14155-ROSENBERG/MAYNARD

YVONNE POINDEXTER, as Personal
Representative of the Estate of Britney
Poindexter, deceased,

    Plaintiff,

v.

JOSEPH ZACHARZEWSKI, as Personal
Representative of the Estate of Walter
Roney, deceased, et al.,

    Defendants.
    _____/

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Defendants' Motion to Strike Plaintiff's Claim for Punitive Damages [DE 46], which was referred for appropriate disposition to the Honorable Shaniek M. Maynard. On November 5, 2018, Judge Maynard issued her Report and Recommendation [DE 63] recommending that the Motion be granted. Plaintiff filed objections, however, Plaintiff's objections were untimely by seven days. Plaintiff's late objections were accompanied by a Motion for Extension of Time. Although the Court notes the late filed objections, the Court grants Plaintiff's Motion for Extension of Time and considers the objections in light of the intervening Thanksgiving holiday. The Court has conducted a *de novo* review of the Report and Recommendations, the objections, and the record and is otherwise fully advised in the premises.

Upon review, the Court finds the Report and Recommendation to be well reasoned and correct. The Court agrees with the analysis in the Report and Recommendations and adopts the conclusions. The Court briefly notes that Plaintiff's objections raise arguments previously

brought before Magistrate Judge Maynard. Plaintiff's objections are rejected because for the reasons set forth in the Report and Recommendation in which the distinction was made between *how* punitive damages must be pleaded (which is a matter of federal procedure), and *when* a Plaintiff *may seek* an award of punitive damages (which is a matter of state substantive law).[1] Florida law does not permit Plaintiff to seek punitive damages against a defendant estate, *Lohr v. Byrd*, 522 So. 2d 845 (Fla. 1988), and Florida law controls and binds this Court. *E.g., Toole v. Baster Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000) (using Alabama law to determine whether defendant's conduct warranted the imposition of punitive damages); *Jarzynka v. St. Thomas Univ. of Law*, 310 F. Supp. 2d 1256, 1269 (S.D. Fla. 2004) (applying Florida law when determining the availability of a punitive damages award).

For the foregoing reasons, it is hereby **ORDERED and ADJUDGED** as follows:

1. The Report and Recommendations [DE 63] is hereby **ADOPTED**;

2. Defendants' Motion to Strike Plaintiff's Claim for Punitive Damages [DE 46] is **GRANTED**; and

3. Plaintiff's Motion for Extension of Time [DE 71] is **GRANTED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 27th day of November, 2018.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record

---

[1] The substantive law of Florida is applied in this case because the Plaintiff has invoked the diversity jurisdiction of this Court. *E.g., Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).