UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Nos. 9:18-CV-14155-ROSENBERG/MAYNARD
9:18-CV-14156-ROSENBERG/MAYNARD

YVONNE POINDEXTER as Personal
Representative of the Estate of BRITNEY
POINDEXTER, deceased,

    Plaintiff,

vs.

JOSEPH A. ZACHARZEWSKI as Personal
Representative of the Estate of WALTER
RONEY, deceased,

    Defendant, and

STACY LYNNE WEST as Personal
Representative of the Estate of SANTIA
MYRIAH FEKETA, deceased,

    Plaintiff,

vs.

JOSEPH A. ZACHARZEWSKI as Personal
Representative of the Estate of WALTER
RONEY, deceased,

    Defendant.

_____/

## ORDER ON EVIDENCE OF PAIN AND SUFFERING

This matter is before the Court on the parties' opposing trial memoranda at docket entries 175 and 177.[1] In preparation for trial, the parties have filed detailed stipulations. DE 170. Those stipulations reveal a disagreement about whether a certain category of evidence is relevant in light of the fact that Defendant has stipulated to liability in this case. Alternatively, the parties disagree

---
1 The Court's citations to the record are in case 18-CV-1455.

over whether the evidence, if relevant, is unfairly prejudicial to Defendant. Generally, the evidence in dispute pertains to the factual circumstances surrounding the death of the decedents in this case: the events leading up to an auto accident and the specifics of the auto accident.

The admissibility of evidence in a federal action is governed by the Federal Rules of Evidence, not state law. *Heath v. Suzuki Motor Corp.*, 126 F.3d 1391, 1396 (11th Cir. 1997). Nonetheless, state law assists in defining what evidence is material to an issue, and the Eleventh Circuit has previously relied upon Florida authority when identifying evidence that is material to a determination of damages under Florida's wrongful death statute. *Hiatt v. United States*, 910 F.2d 737, 743 (11th Cir. 1990). Accordingly, this Court focuses its analysis on decisions under Florida law that examine admissible evidence under Florida's wrongful death statute.

Under Florida law, evidence describing the details of an accident is clearly relevant and admissible to a pain and suffering analysis, even when a defendant has admitted liability, when the evidence is proffered by a *plaintiff*:

> Florida law provides that, when computing damages for pain and suffering endured by a *plaintiff,* "[i]n most instances ... evidence describing the details of an accident is logically relevant and admissible, even where liability has been admitted, to place the extent of injuries suffered by the plaintiff, as well as the degree of pain endured, in the proper context."

*Piamba Cortes v. American Airlines, Inc.*, 177 F.3d 1272, 1306 (11th Cir. 1999). However, "[t]he admissibility of such evidence in a wrongful death action brought by a *survivor* of the decedent is not as clear." *Id.* In such a scenario, for evidence to be admissible for "damages for such mental pain and suffering," the evidence "must bear some reasonable relation to the facts of the case." *Id.* (citing *Florida Dairies Co. v. Rogers*, 161 So. 85, 88 (Fla. 1935)). Because the evidence must bear some reasonable relation to the facts, it follows that the "introduction of facts underlying a fatal

2

accident to establish a survivor's pain and suffering [must not always] be admitted under all circumstances." *Id.* By way of example, one trial court permitted evidence depicting an accident scene to establish a survivor's damages, but refused to admit evidence of a graphic photo of the decedent because that evidence was unfairly prejudicial to the defendant. *Id.*

An example of a case in which underlying accident evidence was admitted is *Maharaj v. Telfort*, No. 2008-CA-3705 (Fla. 15th Jud. Cir. Ct. Oct. 28, 2010). In *Maharaj*, the undersigned, presiding as a Florida Circuit Court Judge, ruled as follows:

> Plaintiff alleges that the victim had suffered additional mental anguish as a result of the fact that Defendant fled the scene of the accident. The child's psychologist allegedly recently testified that the child has complained on 2-3 occasions that he was upset over Defendant leaving the scene of the accident and not apologizing for the accident. Even if liability is admitted, a victim's additional suffering due to the circumstances of an accident is relevant to prove, and probative of, the victim's damages. *White v. Westlund*, 624 So. 2d 1148, 1152 (Fla. 4th DCA 1993).

In the ruling cited above, the undersigned relied upon *White v. Westlund.* In that case, the trial court admitted facts concerning the underlying accident as follows:

> In most instances, evidence describing the details of an accident is logically relevant and admissible, even where liability has been admitted, to place the extent of injuries suffered by the plaintiff, as well as the degree of pain endured, in the proper context. But because trial judges are bound to apply the rules of admissibility set forth above, the extent of information that may be received in evidence will vary depending upon the circumstances of each case. Here, Westlund testified he has nightmares about the accident once a week, in which he "could see the car coming at [him]," and he testified he is now terrified of driving or even riding as a passenger in a car. Since Westlund's claim for damages for mental anguish rests at least in part on his recurring nightmares about the accident, the bizarre nature of how that accident occurred—being struck by an automobile driven in reverse at a high rate of speed—was relevant to prove, and probative of, the degree of his suffering and damages. The trial court carefully weighed these considerations, and we conclude no abuse of discretion has been shown in admitting this testimony.

624 So. 2d 1148, 1152 (Fla. Dist. Ct. App. 1993).

Plaintiffs argue that the facts of this case warrant the admission of evidence of the underlying accident in this case, even though Defendant has admitted liability. Plaintiffs' position is as follows:

> The violent and traumatic manner of Britney Poindexter's death further amplifies the pain and suffering of her surviving parents, Yvonne and Todd Poindexter. There is no good way to lose someone at such a young age who meant so much, but the manner in which Britney died clearly impacts the overwhelming grief which Yvonne and Todd Poindexter have experienced in the past and will continue to experience in the future. Clearly the facts of the subject accident (i.e., Roney, a 99-year old, knowingly driving without headlights at night), and the resultant death of Britney Poindexter are relevant to the issue of Yvonne and Todd Poindexter's mental suffering. The surrounding facts and witness testimony regarding the actions leading up to and at the time of the accident make Yvonne and Todd Poindexter's grief and loss of their daughter far worse than if it was a simple accident, which this was not. Roney should not have been driving at night without headlights, but chose to do so anyway. The fact that the loss of their daughter was sudden, unexpected, traumatic, unjust, and preventable is directly relevant to Yvonne and Todd Poindexter's mental pain and suffering.

For Defendant's part, Defendant cites to *Swanson v. Robles*, 128 So. 3d 915, 916 (Fla. Dist. Ct. 2013). In *Swanson*, a driver killed an individual (lawfully) standing in the median of a road. *Id.* The trial was bifurcated: one trial for compensatory damages and one trial for punitive damages. *Id.* The defendant admitted that he was liable for not only compensatory damages, but also for punitive damages. *Id.* The defendant's admission of liability for punitive damages was due to the fact that the defendant had, at the time of the accident, been using drugs. *Id.* The defendant conceded that the evidence of his drug use was relevant to the punitive damages phase, but argued that his drug use should be excluded from the compensatory damages phase. *Id.* The trial court disagreed and allowed evidence of the defendant's drug use to be admitted at the first phase of trial. *Id.* The appellate court reversed, finding that it was plain error to allow in evidence of defendant's drug use. *Id.* In so ruling, the appellate court cited to a plethora of Florida case law

4

that stands for the proposition that "[w]hen a defendant admits liability in an automobile negligence case and the only remaining issue is the amount of compensatory damages, evidence regarding the defendant's sobriety should not be admitted into evidence." *Id.* at 917. Importantly, however, the Court notes one important fact from the *Swanson* decision. In *Swanson*, the plaintiff made the decision *not* to argue that the defendant's drug use increased her mental pain and anguish—which distinguishes *Swanson* from the situation presently before the Court. *Id.* at 918.[2]

To summarize, the Court notes what is certain. It is certain that evidence of an accident may be admitted to prove pain and suffering by a survivor, even when liability is admitted. *Piamba Cortes*, 177 F.3d at 1306. It is certain that such evidence may be excluded, however, if the evidence is unfairly prejudicial, such as a graphic photographic. *Id.* It is certain that Florida law greatly disfavors the admissibility of drug use that led to an auto accident. *Swanson*, 128 So. 3d at 916. Finally, it is certain that if "a claim for damages for mental anguish rests at least in part on . . . the bizarre nature of how the[e] accident occurred," then such evidence can be "relevant to prove, and probative of, the degree of [] suffering and damages." *Westlund*, 624 So. 2d at 1152.

This is not a case where a driver's brief act of negligence caused a wrongful death. This is not a case, for example, where the negligent driver briefly took his eyes off the road, or made a bad turn, or forgot to look left. This is a case where the negligent driver[3] was ninety-nine years old, was known to be a dangerous driver by his family, was driving a large, old RV at night, was

---

2 Defendant's remaining case citations fall into one of two categories: (i) the cases rely upon *Swanson* and its progeny or (ii) the cases are irrelevant. *Bolden v. Amtrak*, No. 14-1125, 2005 WL 1431486 (E.D. La. June 14, 20015) is irrelevant because it was not a wrongful death case brought by a survivor that sought pain and suffering damages and because it was not decided under Florida law. *McNitt v BIC Corp.*, 846 F. Supp. 1049, 1053-54 (D.N.H. 1994), is irrelevant because it was not a wrongful death case brought by a survivor that sought pain and suffering, it was not decided under Florida law, and the trial court never actually ruled on the admissibility of the evidence in dispute as applied to damages.
3 For the purposes of the Court's analysis, the Court accepts Plaintiffs' proffer of the facts as true and credible by a jury.

driving without working headlights, and was driving on the wrong side of the road. Plaintiffs characterize these facts as resulting in a "senseless" death, and the Court agrees that a reasonable jury could come to that conclusion. Plaintiffs have repeatedly proffered that this "senseless" death will be proven, by virtue of the survivor's testimony, to have increased the mental pain and suffering of the survivors. In *Westlund*, the "bizarre" nature of the facts (found to be admissible) was that a car drove at a high rate of speed in reverse. *Id.* The facts of this case are at least as bizarre as *Westlund*. For these reasons, the Court will permit Plaintiffs to elicit testimony of the underlying accident subject to the following two qualifications.

First, the Court will permit Plaintiffs to introduce evidence of the auto accident and the facts immediately surrounding the auto accident, provided that Plaintiffs can establish a link between those facts and the mental pain and suffering of the survivors.[4] Notwithstanding this ruling, however, Defendant is free to raise any objection that the evidence is unfairly prejudicial (such as a graphic photograph).[5] Defendant is also free to raise any objection that the evidence is unnecessarily cumulative. By way of example, if a survivor testifies as to the specifics of the crash and how those specifics impacted the survivor, testimony by an officer on the scene about those facts is far less probative, has the potential of being cumulative, and may be unfairly prejudicial. The Court therefore cautions Plaintiffs that there be a limit on admissibility of evidence specific to the auto accident that is elicited from witnesses other than survivors.

Second, the Court will permit Plaintiffs to introduce evidence that predated and postdated the crash, but such evidence will be subject to a high level of scrutiny by this Court. For example, if Plaintiffs seek to introduce evidence of the driver's driving record, Plaintiffs must first

---

4 Should the survivors attempt to testify about facts and Defendants raise an objection—such as hearsay—Defendant may open the door to testimony about those facts from other witnesses.
5 What the Court will not do is, at this juncture, rule that all such evidence is overly prejudicial.

proffer—outside of the jury's presence—how the survivor's testimony will establish a link between that fact and the survivor's mental pain and suffering. Similarly, if Plaintiffs seek to introduce evidence of police officer's observations about how the survivors reacted to being informed about the crash,[6] that evidence too must first be proffered outside of the jury's presence. The Court will weigh the probative value and potential prejudice of Plaintiffs' proffer once it is able to do so in the context of all of the evidence at trial—the Court cannot undertake that analysis prior to trial.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 3rd day of April, 2019.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record

---

[6] This evidence was referenced by Plaintiffs at the pretrial status conference.